**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**SHABATAYAH ANDRITCH, PAIGE KELLY, MYRA GLASSMAN, STEVEN TUROFSKY, and EPHRAIM VILENSKI, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and GREGORY KELLEY, PAIGE KELLY, RANDI SCHLOSSBERG-SCHULLO, and EITAN ZEFFREN, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND,**

**Plaintiffs,**

**v.**

**AVENUES AT ARCADIA SPRINGFIELD, LLC, ARCADIA CARE JACKSONVILLE, LLC, and ALLURE OF GALESBURG, LLC,**

**Defendants.**

**Case No.: 1:26-cv-12929**

## COMPLAINT

Plaintiffs SHABATAYAH ANDRITCH, PAIGE KELLY, MYRA GLASSMAN, STEVEN TUROFSKY, and EPHRAIM VILENSKI, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and GREGORY KELLEY, PAIGE KELLY, RANDI SCHLOSSBERG-SCHULLO, and EITAN ZEFFREN, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND (collectively, the “Funds”), through the undersigned attorneys, for their complaint against Defendants Avenues at Arcadia Springfield, LLC

("Springfield"), Arcadia Care Jacksonville, LLC ("Jacksonville"), and Allure of Galesburg, LLC ("Galesburg") (collectively, "Defendants"), state as follows:

## PARTIES

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3) and (37)(A). The Trustees and the Funds maintain offices and conduct business within this District.

2. The Plaintiff Trustees are fiduciaries of the Funds and are authorized to collect contributions due to the Funds and to bring this action on the Funds' behalf.

3. Defendant Avenues at Arcadia Springfield, LLC is a limited liability company and the licensed operator of the nursing facility currently known as Avenues of Springfield, located at 525 S. Martin Luther King Drive, Springfield, Illinois 62703. That facility was formerly known as Aperion Care Springfield.

4. Defendant Arcadia Care Jacksonville, LLC is a limited liability company and the licensed operator of the nursing facility known as Arcadia Care Jacksonville, located at 1021 N. Church Street, Jacksonville, Illinois 62650. That facility was formerly known as Aperion Care Jacksonville.

5. Defendant Allure of Galesburg, LLC is a limited liability company and the licensed operator of the nursing facility known as Allure of Galesburg, located at 1145 Frank Street, Galesburg, Illinois 61401. That facility was formerly known as Aperion Care Galesburg.

6. At all relevant times, each Defendant employed employees performing bargaining-unit work at its respective facility and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5).

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction pursuant to ERISA Sections 502(e)(1) and (2), 29 U.S.C. § 1132(e)(1) and (2), and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

8. Venue is proper in this District under ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Funds are administered within this District.

## BACKGROUND

9. The Service Employees International Union Healthcare Illinois and Indiana ("SEIU"), formerly known as Service Employees International Union, Local 4, is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this District. SEIU is not a party to this lawsuit.

10. The Illinois Association of Health Care Facilities ("IAHCF" or the "Association") is an association that bargains with SEIU on behalf of participating nursing-home employers.

11. In 2017, the Springfield, Jacksonville, and Galesburg facilities were operated as Aperion Care facilities and were covered by an agreement between Aperion Care and SEIU addressing the terms and conditions of employment at those facilities.

12. On July 13, 2017, Aperion Care and SEIU entered into a written agreement concerning the Springfield, Jacksonville, and Galesburg facilities (the "2017 Agreement," attached as Exhibit 1).

13. With respect to Galesburg, the 2017 Agreement states that the Employer agreed to "all terms and conditions" of the IAHCF agreement in effect from May 1, 2017 through April 30, 2020, "except for the following, Health Insurance and Pension." Under the heading "Health

Insurance," the Agreement provides that the Employer would maintain the employee health-insurance contribution then in effect.

14. With respect to Jacksonville, the 2017 Agreement states that "[a]ll terms of IAHCF Agreement ('Master') apply, except as provided below." Among the provisions set forth below, under the heading "Health Insurance and Pension," the Agreement provides that the Employer would maintain the employee health-insurance contribution then in effect.

15. With respect to Springfield, the 2017 Agreement likewise states that "[a]ll terms of IAHCF Agreement ('Master') apply, except as provided below." Among the provisions set forth below, under the heading "Health Insurance and Pension," the Agreement provides that the Employer would maintain the employee health-insurance contribution then in effect.

16. The Springfield, Jacksonville, and Galesburg facilities subsequently changed ownership and operators. Springfield and Jacksonville ultimately became operated by Arcadia-related entities, while Galesburg became operated by Allure of Galesburg, LLC.

17. On December 15, 2021, Aperion Care's labor counsel advised SEIU by email attached as Exhibit 2 that the Springfield and Jacksonville facilities had been sold, that Arcadia Care would assume control on January 1, 2022, and that, "[r]egarding the upcoming transfer, Dovid is planning to assume the current CBA and re-negotiate when it expires this coming April 2022."

18. In early 2022, nursing-home employers participating in coordinated multi-employer bargaining through IAHCF were asked to execute election forms requesting membership in IAHCF and authorizing the Association to bargain with SEIU on their behalf.

19. On February 14, 2022, Avenues at Arcadia Springfield, LLC executed an IAHCF Election Form requesting membership in the Association. By signing the Election Form,

Springfield acknowledged that its obligations as an Association member included authorizing IAHCF to negotiate with SEIU on Springfield's behalf, including with respect to terms and conditions reserved to the facility. The Election Form further provided that the election would remain valid until revoked by the facility as permitted by Association rules and applicable law, and is attached as Exhibit 3.

20. On February 14, 2022, Arcadia Care Jacksonville, LLC executed an IAHCF Election Form requesting membership in the Association. By signing the Election Form, Jacksonville acknowledged that its obligations as an Association member included authorizing IAHCF to negotiate with SEIU on Jacksonville's behalf, including with respect to terms and conditions reserved to the facility. The Election Form further provided that the election would remain valid until revoked by the facility as permitted by Association rules and applicable law, and is attached as Exhibit 4.

21. On February 28, 2022, Allure of Galesburg executed an IAHCF Election Form requesting membership in the Association. By signing the Election Form, Galesburg acknowledged that its obligations as an Association member included authorizing IAHCF to negotiate with SEIU on Galesburg's behalf, including with respect to terms and conditions reserved to the facility. The Election Form further provided that the election would remain valid until revoked by the facility as permitted by Association rules and applicable law, and is attached as Exhibit 5.

22. SEIU and IAHCF thereafter entered into a collective-bargaining agreement effective May 1, 2022 through April 30, 2025 (the "2022 CBA," attached as Exhibit 6). Article 1 provides that the 2022 CBA was entered into between SEIU and IAHCF "for and on behalf of its present member represented Employers, their successors and assigns."

23. The 2022 CBA requires covered employers to make contributions to the SEIU Healthcare IL Health and Welfare Fund and the SEIU Healthcare IL Pension Fund on behalf of employees covered by the agreement. The 2022 CBA also incorporates the Funds' governing trust documents and provides remedies for an employer's failure to make required contributions.

24. The 2022 CBA provides that an employer's failure to make required Health and Welfare contributions constitutes a violation of the agreement and that such delinquency is not subject to the agreement's grievance or arbitration procedure. The 2022 CBA contains comparable provisions governing contributions to the Pension Fund.

25. The 2022 CBA does not contain the facility-specific Health Insurance and Pension provisions contained in the 2017 Agreement for Springfield, Jacksonville, and Galesburg.

26. On May 1, 2025, SEIU and IAHCF entered into a Memorandum of Agreement providing for a successor collective-bargaining agreement (the "2025 CBA," attached as Exhibit 7). The Memorandum states that, "[f]or purposes of the successor agreement to the 2022-2025 CBA, the Parties adopt the terms of the 2022-2025 CBA as that successor agreement," subject to specified additions and modifications, and provides that the successor agreement is effective May 1, 2025 through August 31, 2029.

27. On May 2, 2025, Arcadia Care Jacksonville executed an IAHCF Membership Election Form requesting membership in the Association. By signing the Membership Election Form, Jacksonville acknowledged that its obligations as an Association member included authorizing IAHCF to negotiate with SEIU on Jacksonville's behalf, including with respect to terms and conditions reserved to the facility. The Membership Election Form further provided that the election would remain valid until revoked by the facility as permitted by Association rules and applicable law, and is attached as Exhibit 8.

28. On May 2, 2025, Avenues of Springfield executed an IAHCF Membership Election Form requesting membership in the Association. By signing the Membership Election Form, Springfield acknowledged that its obligations as an Association member included authorizing IAHCF to negotiate with SEIU on Springfield's behalf, including with respect to terms and conditions reserved to the facility. The Membership Election Form further provided that the election would remain valid until revoked by the facility as permitted by Association rules and applicable law, and is attached as Exhibit 9.

29. By adopting the terms of the 2022 CBA, the 2025 CBA continued the provisions requiring covered employers to make contributions to the Health and Welfare Fund and Pension Fund, including the provisions incorporating the Funds' governing documents and providing remedies for an employer's failure to make required contributions.

30. The 2025 CBA likewise continued the provisions providing that an employer's failure to make required contributions constitutes a violation of the agreement and is not subject to the grievance or arbitration procedure.

31. The 2025 CBA does not contain or incorporate the facility-specific Health Insurance and Pension provisions contained in the 2017 Agreement for Springfield, Jacksonville, and Galesburg.

32. The 2022 CBA and the 2025 CBA are referred to collectively herein as the "CBAs."

33. Defendants have taken the position that the Health Insurance and Pension provisions of the 2017 Agreement continued in effect after May 1, 2022 and relieved them of the contribution obligations otherwise imposed by the CBAs.

34. Contrary to Defendants' position, the 2017 Agreement governed the facilities' obligations under the collective-bargaining arrangement then in effect, but was superseded when

Defendants subsequently became bound by the 2022 CBA and the 2025 CBA. The 2017 Agreement did not create a permanent exemption from participation in the Funds or preserve those facility-specific provisions in the subsequent CBAs.

35. The Funds have demanded that Defendants comply with the Health and Welfare and Pension provisions of the CBAs and make the contributions due thereunder, but Defendants have failed and refused to do so.

36. As a result of Defendants' refusal to make the required contributions, the Funds have been unable to collect the contributions due for covered employees and seek to recover those amounts, together with the other relief provided by ERISA, the applicable agreements, and the Funds' governing documents.

**COUNT I**
**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS**
**(AVENUES AT ARCADIA SPRINGFIELD, LLC)**

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 as though fully set forth herein.

38. On February 14, 2022, Avenues at Arcadia Springfield, LLC executed an IAHCF Election Form requesting membership in IAHCF and authorizing IAHCF to bargain with SEIU on its behalf.

39. As a result of that authorization and IAHCF's execution of the 2022 CBA on behalf of its participating employers, Springfield became bound by the 2022 CBA, including its Health and Welfare and Pension provisions, effective May 1, 2022.

40. On May 2, 2025, Springfield again authorized IAHCF to bargain with SEIU on its behalf by executing an IAHCF Membership Election Form and thereafter became bound by the

2025 CBA, which adopted and continued the relevant terms of the 2022 CBA, including its Health and Welfare and Pension provisions.

41. At all relevant times, Springfield employed employees at its Springfield facility who performed bargaining-unit work covered by the CBAs.

42. Under the CBAs, Springfield was required to make contributions to the Health and Welfare Fund and Pension Fund on behalf of covered employees in accordance with the terms of the CBAs and the Funds' governing documents.

43. Notwithstanding those obligations, and despite demand duly made, Springfield has failed and refused to report and pay all contributions required to the Funds for covered employees for the period beginning May 1, 2022 through the present.

44. Springfield has relied upon the Health Insurance and Pension provisions of the 2017 Agreement as a basis for refusing to make the contributions required by the CBAs.

45. The 2017 Agreement does not relieve Springfield of its contribution obligations under the CBAs.

46. All conditions precedent to Springfield's obligation to report and make contributions to the Funds have been satisfied.

47. Springfield's failure to report and make the required contributions violates Section 515 of ERISA, 29 U.S.C. § 1145, and/or Section 301 of the LMRA, 29 U.S.C. § 185.

48. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the CBAs, and the Funds' governing documents, Springfield is liable for all unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable audit expenses, attorneys' fees and costs, and such other relief as provided by law.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant Avenues at Arcadia Springfield, LLC and:

a. Find that Springfield is bound by the applicable Health and Welfare and Pension contribution provisions of the CBAs;
b. Find that the 2017 Agreement does not excuse Springfield from its contribution obligations arising under the CBAs;
c. Order Springfield to submit all records necessary for an audit covering the period beginning May 1, 2022 through the present so that the amount of contributions due to the Funds can be determined;
d. Find Springfield liable for all delinquent contributions revealed by the audit, together with interest, liquidated damages, audit expenses, attorneys' fees, and costs;
e. Order Springfield to pay all contributions and other amounts found to be due to the Funds; and
f. Grant such other legal or equitable relief as the Court deems just and proper.

**COUNT II**
**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS**
**(ARCADIA CARE JACKSONVILLE, LLC)**

49. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

50. On February 14, 2022, Arcadia Care Jacksonville, LLC executed an IAHCF Election Form requesting membership in IAHCF and authorizing IAHCF to bargain with SEIU on its behalf.

51. As a result of that authorization and IAHCF's execution of the 2022 CBA on behalf of its participating employers, Jacksonville became bound by the 2022 CBA, including its Health and Welfare and Pension provisions, effective May 1, 2022.

52. On May 2, 2025, Jacksonville again authorized IAHCF to bargain with SEIU on its behalf by executing an IAHCF Membership Election Form and thereafter became bound by the 2025 CBA, which adopted and continued the relevant terms of the 2022 CBA, including its Health and Welfare and Pension provisions.

53. At all relevant times, Jacksonville employed employees at its Jacksonville facility who performed bargaining-unit work covered by the CBAs.

54. Under the CBAs, Jacksonville was required to make contributions to the Health and Welfare Fund and Pension Fund on behalf of covered employees in accordance with the terms of the CBAs and the Funds' governing documents.

55. Notwithstanding those obligations, and despite demand duly made, Jacksonville has failed and refused to report and pay all contributions required to the Funds for covered employees for the period beginning May 1, 2022 through the present.

56. Jacksonville has relied upon the Health Insurance and Pension provisions of the 2017 Agreement as a basis for refusing to make the contributions required by the CBAs.

57. The 2017 Agreement does not relieve Jacksonville of its contribution obligations under the CBAs.

58. All conditions precedent to Jacksonville's obligation to report and make contributions to the Funds have been satisfied.

59. Jacksonville's failure to report and make the required contributions violates Section 515 of ERISA, 29 U.S.C. § 1145, and/or Section 301 of the LMRA, 29 U.S.C. § 185.

60. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the CBAs, and the Funds' governing documents, Jacksonville is liable for all unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable audit expenses, attorneys' fees and costs, and such other relief as provided by law.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Arcadia Care Jacksonville, LLC and:

a. Find that Jacksonville is bound by the applicable Health and Welfare and Pension contribution provisions of the CBAs;

b. Find that the 2017 Agreement does not excuse Jacksonville from its contribution obligations arising under the CBAs;
c. Order Jacksonville to submit all records necessary for an audit covering the period beginning May 1, 2022 through the present so that the amount of contributions due to the Funds can be determined;
d. Find Jacksonville liable for all delinquent contributions revealed by the audit, together with interest, liquidated damages, audit expenses, attorneys' fees, and costs;
e. Order Jacksonville to pay all contributions and other amounts found to be due to the Funds; and
f. Grant such other legal or equitable relief as the Court deems just and proper.

## COUNT III
## FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS
## (ALLURE OF GALESBURG, LLC)

61. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 60 as though fully set forth herein.

62. On February 28, 2022, Allure of Galesburg executed an IAHCF Election Form requesting membership in IAHCF and authorizing IAHCF to bargain with SEIU on its behalf.

63. As a result of that authorization and IAHCF's execution of the 2022 CBA on behalf of its participating employers, Galesburg became bound by the 2022 CBA, including its Health and Welfare and Pension provisions, effective May 1, 2022.

64. On information and belief, Galesburg thereafter became bound by the 2025 CBA, which adopted and continued the relevant terms of the 2022 CBA, including its Health and Welfare and Pension provisions.

65. At all relevant times, Galesburg employed employees at its Galesburg facility who performed bargaining-unit work covered by the CBAs.

66. Under the CBAs, Galesburg was required to make contributions to the Health and Welfare Fund and Pension Fund on behalf of covered employees in accordance with the terms of the CBAs and the Funds' governing documents.

67. Notwithstanding those obligations, and despite demand duly made, Galesburg has failed and refused to report and pay all contributions required to the Funds for covered employees for the period beginning May 1, 2022 through the present.

68. Galesburg has relied upon the Health Insurance and Pension provisions of the 2017 Agreement as a basis for refusing to make the contributions required by the CBAs.

69. The 2017 Agreement does not relieve Galesburg of its contribution obligations under the CBAs.

70. All conditions precedent to Galesburg's obligation to report and make contributions to the Funds have been satisfied.

71. Galesburg's failure to report and make the required contributions violates Section 515 of ERISA, 29 U.S.C. § 1145, and/or Section 301 of the LMRA, 29 U.S.C. § 185.

72. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the CBAs, and the Funds' governing documents, Galesburg is liable for all unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable audit expenses, attorneys' fees and costs, and such other relief as provided by law.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Allure of Galesburg, LLC and:

a. Find that Galesburg is bound by the applicable Health and Welfare and Pension contribution provisions of the CBAs;
b. Find that the 2017 Agreement does not excuse Galesburg from its contribution obligations arising under the CBAs;
c. Order Galesburg to submit all records necessary for an audit covering the period beginning May 1, 2022 through the present so that the amount of contributions due to the Funds can be determined;
d. Find Galesburg liable for all delinquent contributions revealed by the audit, together with interest, liquidated damages, audit expenses, attorneys' fees, and costs;
e. Order Galesburg to pay all contributions and other amounts found to be due to the Funds; and
f. Grant such other legal or equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A. Groff
An Attorney for the Plaintiffs

Josiah A. Groff (ARDC# 6289628)
Martin S. Stainthorp (ARDC# 6339722)
DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH
8 S. Michigan Ave. – 19th Floor
Chicago, IL 60602
312-372-1361

October 21, 2026